UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETROPHIN, INC., | Case No. SACV 14-00026-JLS(JPRx) |
| Plaintiff(s), | |
| v. | CIVIL TRIAL ORDER |
| QUESTCOR PHARMACEUTICALS, INC., | |
| Defendant(s). | |

A. SCHEDULING:

    1. <u>In General</u>:  The last day for hearing on any motion to join other parties or to amend the pleadings shall be specified in the Scheduling Order.  All unserved parties shall be dismissed no later than the date set for the Final Pretrial Conference.

    2. <u>Motions for Summary Judgment or Partial Summary Judgment</u>:  Motions for Summary Judgment or Partial Summary Judgment shall be filed no later than the last day for filing motions, as set forth in the Scheduling Order.  Parties should note that hearing dates will close when filled.  Before filing any motion, parties shall confirm the date's availability by checking the Court's website homepage under Judges' Requirements > Judges' Procedures and Schedules for closed motion dates.

    3. <u>Settlement Procedures</u>:  It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties.  The Court favors any reasonable means to accomplish this goal.  All settlement discussions shall be conducted in compliance with [Local Rule 16-15](#).  Consistent with [Local Rule 16-15.2](#), the Scheduling Order establishes a deadline for participation in settlement proceedings.  The parties must elect one of the settlement procedures outlined in [Local Rule 16-15.4](#).  Note, however, that the parties may not choose a settlement conference before the magistrate judge.  If the parties do not timely file a Notice of Settlement Procedure Selection, the Court may order the parties to participate in any of the settlement procedures set forth in the Local Rule.

    4. <u>Discovery Cut-Off</u>:  The Scheduling Order establishes a cut-off date for discovery in this action.  This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.  The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in extraordinary circumstances.

    5. <u>Discovery Motions</u>:  Any motion regarding the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date. Whenever possible, the Court expects counsel to resolve discovery problems amongst themselves in a courteous, reasonable, and professional manner.  The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for

the Central District of California.

   6. Expert Discovery:  The above discovery cut-off date includes expert discovery, unless otherwise ordered by the Court.

B. FINAL PRETRIAL CONFERENCE:

   This case has been placed on calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16.  Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory.   Counsel will lodge carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a (Proposed) Final Pretrial Conference Order in accordance with the provisions of Local Rules 16-4 and 16-7.  The Memoranda of Contentions of Fact and Law will be served no later than twenty-one (21) calendar days before the Final Pretrial Conference.  The (Proposed) Final Pretrial Conference Order will be lodged no later than eleven (11) calendar days before the Final Pretrial Conference.  The form of the (Proposed) Final Pretrial Conference Order will be in conformity with the form set forth in Appendix A to the Local Rules.

C. PREPARATION FOR TRIAL AND SCHEDULING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL

   The Court ORDERS that all counsel comply with the following in their preparation for trial:

   1. Motions *In Limine*:  All motions *in limine.* excluding *Daubert* motions, will be heard at the Final Pretrial Conference.  The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial.  All motions *in limine* must be filed and served in compliance with Local Rule 6-1.  Opposition papers must be filed and served in compliance with Local Rule 7-9.  Reply papers must be filed and served in compliance with Local Rule 7-10.

      a. *Daubert* Motions:  *Daubert* motions shall be filed within seven days after the expert discovery cut-off date set in the Scheduling Order docketed in the case.

2. <u>Statement of the Case (Jury Trials)</u>: Counsel will prepare a joint statement of the case which may be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The statement should not be more than two or three paragraphs. The statement will be filed with the Court five (5) court days before the Final Pretrial Conference.

3. <u>Voir Dire (Jury Trials)</u>: At least five (5) court days before the Final Pretrial Conference, each counsel shall file with the Court any special questions requested to be put to prospective jurors on voir dire.

4. <u>Witness List</u>: The witness list will be filed no later than five (5) court days prior to the Final Pretrial Conference. Counsel will submit the names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re-cross. Counsel will also provide a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative. A joint witness list will be prepared in compliance with the example below and Local Rule 16-5.

| JOINT WITNESS LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Witness | Witness Name | Party Calling Witness and Estimate. | X-Examiner's Estimate | Description of Testimony | Comments |
|  |  |  |  |  |  |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, <u>e.g.</u>, "eyewitness to accident." Or "expert on standard of care." (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour. <u>E.g.</u>, if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. <u>E.g.</u>, "Needs interpreter." (5) Entries may be in handwriting <u>if</u> <u>very</u> <u>neat</u> <u>and</u> <u>legible</u>.

5. <u>Jury Instructions (Jury Trials)</u>: In a jury trial, jury instructions are to be filed no later than five (5) court days prior to the Final Pretrial Conference. The parties must submit joint jury

4

instructions. The parties will meet and confer sufficiently in advance of the required submission date, in order to prepare the joint jury instructions. The instructions should be submitted in the order in which the parties wish to have the instructions read. This order should reflect a single organized sequence agreed to by all of the parties.

In the event that agreement cannot be reached, counsel will submit three (3) sets of instructions (with an extra set for the Court's law clerks) in the following format: (1) the agreed upon instructions; (2) the instructions proposed by plaintiff and opposed by defendant; and (3) the instructions proposed by defendant and opposed by plaintiff. In addition, counsel must submit electronic versions (in Word format) to the Court at the following email address: JLS_Chambers@cacd.uscourts.gov. Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law. For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth its alternative on pages placed after its own alternative instruction.

6. <u>Special Verdict in Jury Trials</u>: At least five (5) court days prior to the Final Pretrial Conference, each counsel shall file with the Court any requested special verdict forms.

7. <u>Exhibits and Exhibit Conference</u>:

a. Exhibit List: A joint exhibit list will be prepared in compliance with the example below and Local Rule 16-6.

| JOINT EXHIBIT LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Exhibit | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
|  |  |  |  |  |  |

The joint exhibit list will contain the information required by F.R.Civ.P. 26(a)(3)(A). The joint exhibit list will be filed no later than five (5) court days prior to the Final Pretrial Conference. In order to produce the joint exhibit list, the parties will meet and confer sufficiently in advance of the required submission date. As part of the meet and confer process,

5

counsel will stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

      b.    Exhibit Preparation: All exhibits will be placed in loose leaf binders with divider tabs containing exhibit numbers. The exhibits are to be numbered in accordance with Local Rule 26-3. The face and spine of the notebooks are to be marked with the case name and number, the numbers of the exhibits contained therein, and the volume number. An original and two sets of notebooks shall be provided to the Courtroom Deputy Clerk. The binders containing the original exhibits shall have the appropriate exhibit tag affixed to the lower right-hand corner of the first page of each original exhibit. In addition, all exhibits longer than one page shall be internally paginated in the lower right-hand corner, displaying the exhibit number followed by the page number.

      c.    Exhibit Conference: AN EXHIBIT CONFERENCE REQUIRING THE ATTENDANCE OF TRIAL COUNSEL WILL BE HELD AT 3:30 P.M. ON THE FRIDAY BEFORE THE SCHEDULED TRIAL DATE IN COURTROOM 10A, UNLESS THE COURT ORDERS OTHERWISE. Exhibits are to be submitted to the Courtroom Deputy Clerk at the time of the Exhibit Conference.

    8. <u>Findings of Fact and Conclusions of Law (Court Trials)</u>: For any matter requiring findings of fact and conclusions of law, counsel for each party shall lodge and serve (Proposed) Findings of Fact and Conclusions of Law as promptly as possible in compliance with Local Rule 52. In addition, counsel must submit electronic versions (in Word format) to the Court at the following email address: JLS_Chambers@cacd.uscourts.gov.

D. <u>ATTORNEY AND PARTY CONDUCT AT TRIAL</u>:

    1. <u>Trial Schedule</u>: Unless otherwise ordered, trials will commence on Tuesday and continue on Wednesday and Thursday. If the trial is more than 3 days, it will continue Monday through Thursday until completed. Trial hours are from 9:00 a.m. to 12:00 p.m., and 1:30 p.m. to 4:30 p.m., with a 15-minute break during each session.

2. <u>Trial Conduct</u>:

    a.    Jury Selection

        1. The Court utilizes the "Arizona blind strike" method. *See United States v. Harper*, 33 F.3d 1143, 1145 (9th Cir. 1994). Under that method, the Court conducts voir dire of the entire jury panel, then permits limited voir dire by counsel. After potential jurors are excused for cause, counsel for each side simultaneously submit their peremptory challenges in writing. The Court then eliminates the subjects of the peremptory challenges and selects the eight lowest numbered remaining panel members as the jury.

        2. Prior to the voir dire examination of the jury venire, counsel for each side will give a "mini opening" statement lasting no longer than three to five minutes that summarizes the case.

    b. Opening Statements, Examining Witnesses, and Summation

        1. At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses anticipated the following day with an estimate of the length of direct examination. Opposing counsel shall provide an estimate of the length of cross-examination. Cooperation of counsel will ensure a smooth flow of witnesses. It is the responsibility of all counsel to arrange the appearance of witnesses in order to avoid delay.

        2. Opening statements, examination of witnesses, and summation will be from the lectern only. Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

        3. The Court will honor reasonable time estimates for opening and closing addresses to the jury.

        4. In jury trials, where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

        5. If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

        6. If a witness was on the stand at adjournment, it is counsel's duty to have

the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes.

       7. It is counsel's duty to notify the Courtroom Deputy Clerk in advance if any witness should be accommodated by use of the witness stand's automated platform to accommodate witnesses who otherwise are unable to take the witness stand.

       8. The Court attempts to accommodate physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, permit them to testify out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection, counsel shall confer with the Court in advance.

    c.    Objections and General Decorum

       1. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourages sidebars because they represent an inefficient use of jury time when matters can be anticipated.

       2. Counsel must not approach the Courtroom Deputy Clerk or the witness stand without specific permission. When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.

       3. Counsel must address all remarks to the Court. Counsel are not to address the Courtroom Deputy Clerk, the Court Reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re-reading of questions or answers shall be addressed to the Court.

       4. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

       5. It is counsel's duty of the first day of trial to advise the Court of any commitments that may result in counsel's absence or late arrival.

    d.    Exhibits

1. Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the Courtroom Deputy Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Courtroom Deputy Clerk.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Courtroom Deputy Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel should move exhibits into evidence as soon as admissibility is established, while they are freshly in the minds of all participants. If there is an objection, the motion to admit will be dealt with at the next available recess. In jury trials, no exhibit shall be read or displayed to the jury until admitted.

5. Absent unusual circumstances, counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

  e. Depositions:

1. All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy Clerk on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the Courtroom Deputy Clerk to confirm that the Courtroom Deputy Clerk has the transcript and that the transcript is properly signed.

2. In using depositions of an adverse party for impeachment, counsel shall first announce both the beginning and ending page and line references of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall use either of the following procedures:

3. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read

the relevant portions of the deposition into the record.

    4. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

    5. Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure:  A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

  f.  Advance Notice of Evidentiary or Difficult Questions

  If counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the Courtroom Deputy Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (*see* Fed. R. Evid. 103).  To the maximum extent possible, such matters shall be taken outside normal trial hours (*e.g.*, recess, before or after the trial day).

IT IS SO ORDERED.

DATED: August 12, 2014

          **JOSEPHINE L. STATON**
          United States District Judge

Revised: January 20, 2014