Mark S. Popofsky (*Admitted Pro Hac Vice*) (CSB #175476)
mark.popofsky@ropesgray.com
Frank Y. Qi (*Admitted Pro Hac Vice*)
frank.qi@ropesgray.com
David A. Young (*Admitted Pro Hac Vice*)
david.young@ropesgray.com
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC  20005-3948
Tel: (202) 508-4600
Fax: (202) 508-4650

Rocky C. Tsai (CSB #221452)
rocky.tsai@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA  94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350

Attorneys for Defendant
**QUESTCOR PHARMACEUTICALS, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| RETROPHIN, INC., | Case No. 8:14-CV-00026 – JLS (JPR) |
| Plaintiff, | Hon. Josephine L. Staton |
| v. | **DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF RETROPHIN, INC.'S COMPLAINT** |
| QUESTCOR PHARMACEUTICALS, INC., |  |
| Defendant. |  |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(Continuation of counsel for Defendant)**
John F. Cannon (CSB #149263)
jcannon@sycr.com
STRADLING YOCCA CARLSON & RAUTH PC
660 Newport Center Drive Suite 1600
Newport Beach, CA  92660-6442
Tel: (949) 725-4000
Fax: (949) 725-4100

1

## ANSWER OF DEFENDANT QUESTCOR PHARMACEUTICALS, INC.

2  Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Questcor

3 Pharmaceuticals, Inc. ("Questcor" or "Defendant") for its Answer to the Complaint

4 ("Complaint") of Retrophin, Inc. ("Retrophin" or "Plaintiff") states as follows[1]:

5  1. The allegation in the first sentence of Paragraph 1 sets forth a legal conclusion, to

6 which no response is required, but if a response is required, Questcor denies the same.  Questcor

7 denies the allegation in the second and third sentences of Paragraph 1 in the form and manner

8 alleged, but avers that it is a provider of an FDA-approved therapeutic preparation of

9 adrenocorticotropic hormone, that preparation is sold under the brand name H.P. Acthar Gel

10 ("Acthar") in the United States, and that Acthar is used by physicians to treat certain diseases.

11 The fourth sentence states a legal conclusion to which no response is required, but if a response

12 is required, Questcor denies the allegation in the form and manner alleged, but avers that U.S.

13 Patent No. 8,796,416 was issued to assignee Questcor on August 5, 2014.

14  2. The allegations in the first sentence of Paragraph 2 set forth legal conclusions, to

15 which no response is required, but if a response is required, Questcor denies the same in the form

16 and manner alleged, but avers that Questcor acquired the worldwide rights to Acthar in 2001.

17 Questcor denies the allegations in the second and third sentences of Paragraph 2 in the form and

18 manner alleged, but avers that Questcor has sold Acthar at different price points, including

19 providing Acthar at no cost for uninsured and underinsured patients in need.

20  3. The allegations in the first and second sentences of Paragraph 3 set forth legal

21 conclusions, to which no response is required, but if a response is required, Questcor denies the

22 same.  Questcor denies the allegations in the third and fourth sentences of Paragraph 3 in the

23 form and manner alleged, but (i) avers that Acthar has received FDA approval for, among other

24 indications, the treatment of infantile spasms in infants and children under 2 years of age and that

25 infantile spasms can include seizures in children under the age of five; and (ii) otherwise lacks

26

27

28

---

[1] To the extent any headings are construed as allegations, they are denied in the form and manner alleged.

1

1  knowledge or information sufficient to form a belief as to the truth of the allegations.  Questcor

2  denies the allegations in the fifth sentence of Paragraph 3 in the form and manner alleged and as

3  calling for a legal conclusion, but avers that it has obtained an Orphan Drug Designation for

4  Acthar for the infantile spasms designations.  Questcor lacks knowledge or information sufficient

5  to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 3 and,

6  therefore, denies the same, but avers that nephrotic syndrome is a condition that can result in

7  excessive protein secretion through the urine that destroys kidneys and can lead to kidney failure.

8  The allegations in the seventh sentence of Paragraph 3 consist of Plaintiff's characterization of

9  its terminology and legal conclusions, to which no response is required, except that if a response

10  is required, Questcor denies the allegations in the form and manner alleged.

11          4.      The allegations in the first sentence of Paragraph 4 set forth legal conclusions, to

12  which no response is required, but if a response is required, Questcor denies the same.  Questcor

13  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

14  second sentence of Paragraph 4, and therefore denies the same, but avers that Novartis owned the

15  U.S. rights to products called Synacthen and Synacthen Depot and that both contain 24 amino

16  acids also found in Acthar.  Questcor denies the allegations in the third and fourth sentences of

17  Paragraph 4 in the form and manner alleged, but avers (i) that Acthar and Synacthen (and

18  Synacthen Depot) are different compounds and are produced differently, and (ii) that Synacthen

19  Depot has been sold outside the United States for a number of years, and (iii) that as far as

20  Questcor is aware, neither Synacthen nor Synacthen Depot has been submitted to the FDA for

21  approval or is currently sold in the United States.

22          5.      Questcor lacks knowledge or information sufficient to form a belief as to the truth

23  of the allegations in Paragraph 5, and therefore denies the same.

24          6.      Questcor lacks knowledge or information sufficient to form a belief as to the truth

25  of the allegation in the first sentence of Paragraph 6, and therefore denies the same, but avers that

26  Novartis transferred certain rights to Synacthen and Synacthen Depot in the United States on

27  June 11, 2013.  The allegations in the second and third sentences of Paragraph 6 set forth legal

28

2

conclusions, to which no response is required, but if a response is required, Questcor denies the same.

7.      Questcor denies the allegations of Paragraph 7 in the form and manner alleged, but avers that no Hart-Scott-Rodino filing was made in connection with the transfer of the rights to Synacthen because none was required.

8.      The allegations in the first sentence of Paragraph 8 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  The second and third sentences of Paragraph 8 purport to quote an agreement between Novartis and Questcor; Questcor avers that the agreement is the best source of the information purportedly alleged and, to the extent the agreement differs from Plaintiff's allegations, Questcor denies the same.  Questcor denies the allegations in the fourth sentence of Paragraph 8.

9.      The allegations in the first sentence of Paragraph 9 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  Questcor denies the allegation in the second sentence of Paragraph 9.  The allegations in the third and fourth sentences of Paragraph 9 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

10.      Questcor denies the allegations of Paragraph 10 in the form and manner alleged, but avers (i) that Retrophin states it is organized under the laws of Delaware and maintains a place of business at the address indicated; and (ii) that Questcor lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10.

11.      Questcor lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and therefore denies the same.

12.      Questcor denies the allegations in Paragraph 12 in the form and manner alleged, but avers that Questcor conducts business in Anaheim, California.

13.      The allegations of Paragraph 13 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that the allegations of Paragraph 13 (i) describe statutes purportedly applicable

3

1  to Plaintiff's claims, (ii) purport to describe relief to which Plaintiff alleges it is entitled, and (iii)

2  purport to describe the basis for this Court's subject matter jurisdiction.

3        14.    The allegations of Paragraph 14 set forth legal conclusions, to which no response

4  is required, but if a response is required, Questcor denies the same in the form and manner

5  alleged, but avers that the allegations of Paragraph 14 purport to describe the basis for this

6  Court's subject matter jurisdiction.

7        15.    The allegations of Paragraph 15 set forth legal conclusions, to which no response

8  is required, but if a response is required, Questcor denies the same in the form and manner

9  alleged, but avers that the allegations of Paragraph 15 purport to describe the basis for venue in

10  the Central District of California, Southern Division, and that Questcor is found in and does

11  business within this District.

12        16.    Questcor denies the allegations of Paragraph 16 in the form and manner alleged,

13  but admits it is subject to the personal jurisdiction of this Court.

14        17.    The allegations of Paragraph 17 set forth legal conclusions, to which no response

15  is required, but if a response is required, Questcor denies the same in the form and manner

16  alleged, but avers that Questcor has sold Acthar in interstate commerce.

17        18.    The allegations in the first and second sentences of Paragraph 18 consist of

18  Plaintiff's characterization of its terminology and legal conclusions, to which no response is

19  required, but if a response is required, Questcor denies the same.  The allegations in the third

20  sentence of Paragraph 18 set forth legal conclusions, to which no response is required, but if a

21  response is required, Questcor lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations, and therefore denies the same, but avers that drugs available in the

23  United States are subject to FDA regulation.  The allegations in the fourth sentence of Paragraph

24  18 consist of Plaintiff's characterization of its terminology and legal conclusions, to which no

25  response is required, but if a response is required, Questcor denies the same.

26        19.    The allegations in the first sentence of Paragraph 19 consist of Plaintiff's

27  characterization of its terminology and legal conclusions, to which no response is required, but if

28

4

1    a response is required, Questcor denies the same.  Questcor lacks knowledge or information

2    sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth

3    sentences of Paragraph 19, and therefore denies the same, but avers that (i) Acthar contains a

4    polypeptide tropic hormone produced and secreted by the anterior pituitary gland; (ii) Acthar is

5    at times called a "melanocortin agonist"; and (iii) Acthar is used by physicians to treat a range of

6    illnesses, including infantile spasms and nephrotic syndrome.  The allegations in the sixth

7    sentence of Paragraph 19 set forth legal conclusions, to which no response is required, but if a

8    response is required, Questcor denies the same.

9            20.    The allegations in the first sentence of Paragraph 20 consist of Plaintiff's

10   characterization of its terminology and legal conclusions, to which no response is required, but if

11   a response is required, Questcor denies the same in the form and manner alleged, but aver that

12   Acthar is at times termed an ACTH by some.  Questcor lacks knowledge or information

13   sufficient to form a belief as to the truth of the allegations in the second and third sentences of

14   Paragraph 20, and therefore denies the same, but avers that the FDA has approved Acthar for the

15   treatment of certain diseases.

16           21.    The allegations in Paragraph 21 consist of Plaintiff's characterization of its

17   terminology, to which no response is required, but if a response is required, Questcor lacks

18   knowledge or information sufficient to form a belief as to the truth of the allegations, and

19   therefore denies the same.

20           22.    Questcor lacks knowledge or information sufficient to form a belief as to the truth

21   of the allegations in the first sentence of Paragraph 22, and therefore denies the same.  Questcor

22   denies the allegation in the second sentence of Paragraph 22 in the form and manner alleged, but

23   avers that Questcor has sold Acthar at different price points, including providing Acthar at no

24   cost for uninsured and underinsured patients in need.

25           23.    Questcor lacks knowledge or information sufficient to form a belief as to the truth

26   of the allegations in Paragraph 23, and therefore denies the same.

27

28

24.     The allegations in Paragraph 24 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that certain drugs cannot be actively promoted for sale for particular indications in the United States without FDA approval.

25.     Questcor admits the allegations in the first, second, third, and fourth sentences of Paragraph 25.  Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth, sixth, and seventh sentences of Paragraph 25, and therefore denies the same.

26.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26, and therefore denies the same.  Questcor denies the allegation in the second sentence of Paragraph 26 in the form and manner alleged, but avers that Questcor has sold Acthar at different price points, including providing Acthar at no cost for uninsured and underinsured patients in need.

27.     The allegations in the first sentence of Paragraph 27 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  Questcor denies the allegations in the second, third, fourth, and fifth sentences in Paragraph 27 in the form and manner alleged and as calling for legal conclusions, but (i) refers to its response to Paragraph 1 in connection with patents; and (ii) avers that (a) Questcor obtained Orphan Drug designation for Acthar for infantile spasms, and (b) rights associated with Orphan Drug designation expire in 2017.

28.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     The allegation in Paragraph 29 sets forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that certain drugs cannot be actively promoted for sale for particular indications in the United States without FDA approval.

6

30.     Questcor admits to the allegations in the first and second sentences of Paragraph 30. Questcor denies the allegations in the third and fourth sentences of Paragraph 30 in the form and manner alleged, but avers that (i) corticosteroids and immunosuppressant drugs are among the treatments for nephrotic syndrome; and (ii) some patients may not respond satisfactorily to these treatments. Questcor lacks knowledge or information sufficient to form a belief regarding the truth of the allegation in the fifth, sixth, and seventh sentences of Paragraph 30, and therefore denies the same, but avers that Acthar is a treatment for nephrotic syndrome. The allegations in the eighth sentence of Paragraph 30 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

31.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31, and therefore denies the same. Questcor denies the allegation in the second sentence of Paragraph 31 in the form and manner alleged, but avers that Questcor has sold Acthar at different price points, including providing Acthar at no cost for uninsured and underinsured patients in need.

32.     The allegations in the first sentence of Paragraph 32 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same. Questcor denies the allegation in the second sentence in Paragraph 32 in the form and manner alleged, but avers that a drug cannot be actively promoted to treat nephrotic syndrome in the United States without FDA approval. Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 32, and therefore denies the same, but avers that Acthar is produced from certain animals.

33.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

34.     The allegations in Paragraph 34 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner

7

1   alleged, but avers that certain drugs cannot be actively promoted for sale for particular

2   indications in the United States without FDA approval.

3        35.     The allegations in the first sentence of Paragraph 35 consist of Plaintiff's

4   characterization of its terminology and set forth legal conclusions, to which no response is

5   required, but if a response is required, Questcor denies the same. Questcor lacks knowledge or

6   information sufficient to form a belief as to the truth of the allegations in the second and third

7   sentences of Paragraph 35, and therefore denies the same. The allegations in the fourth sentence

8   of Paragraph 35 consist of Plaintiff's characterization of its terminology and set forth legal

9   conclusions, to which no response is required, but if a response is required, Questcor denies the

10   same.

11        36.     The allegations in the first sentence of Paragraph 36 consist of Plaintiff's

12   characterization of its terminology and set forth legal conclusions, to which no response is

13   required, but if a response is required, Questcor denies the same. Questcor denies the allegation

14   in the second sentence of Paragraph 36 in the form and manner alleged, but avers that Questcor

15   has sold Acthar at different price points, including providing Acthar at no cost for uninsured and

16   underinsured patients in need. The allegations in the third sentence of Paragraph 36 set forth

17   legal conclusions, to which no response is required, but if a response is required, Questcor denies

18   the same.

19        37.     The allegations in Paragraph 37 consist of Plaintiff's characterization of its

20   terminology, to which no response is required, but if a response is required, Questcor denies the

21   same in the form and manner alleged, but (i) avers that the FDA has approved Acthar for certain

22   indications; and (ii) otherwise lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations, and therefore denies the same.

24        38.     The allegations in Paragraph 38 consist of Plaintiff's characterization of its

25   terminology and set forth legal conclusions, to which no response is required, but if a response is

26   required, Questcor denies the same in the form and manner alleged, but avers that a drug cannot

27   be actively promoted to treat an indication in the United States without FDA approval.

28

39.     The allegations in Paragraph 39 consist of Plaintiff's characterization of its terminology and legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

40.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41.     The allegations in Paragraph 41 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that Acthar received Orphan Drug Designation from the FDA for treatment of infantile spasms in infants and children under 2 years of age.

42.     The allegations in Paragraph 42 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

43.     The allegations in Paragraph 43 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that Acthar is a treatment for nephrotic syndrome.

44.     The allegations in Paragraph 44 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but admits that FDA approval is required to actively promote a drug in the U.S. as a treatment for certain diseases.

45.     The allegations in Paragraph 45 consist of Plaintiff's characterization of its terminology and legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

46.     The allegations in Paragraph 46 consist of Plaintiff's characterization of its terminology and legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that Synacthen

1   Depot has been sold outside the United States for a number of years as a treatment for, among

2   other conditions, patients with infantile spasms and nephrotic syndrome.  Questcor admits that, at

3   the time of the rights transfer, Synacthen and Synacthen Depot had not been commercially

4   developed in the United States and, as far as Questcor is aware, neither Synacthen nor Synacthen

5   Depot has been submitted to the FDA for approval for any indication or is currently sold in the

6   United States.

7           47.     Questcor denies the allegations in the first and second sentences of Paragraph 47

8   in the form and manner alleged, but avers (i) that Synacthen (including Synacthen Depot)

9   contains 24 amino acids also found in Acthar; and (ii) that Acthar contains other amino acids not

10  found in Synacthen.  Questcor lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations in the third sentence of Paragraph 47 and, therefore, denies the same.

12  Questcor admits the allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 47.

13  The allegations in the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 47

14  consist of Plaintiff's characterization of its terminology and legal conclusions, to which no

15  response is required, but if a response is required, Questcor lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations, and therefore denies the same, but

17  avers that Synacthen and Synacthen Depot are manufactured in a controlled setting.

18          48.     The allegations in Paragraph 48 consist of Plaintiff's characterization of its

19  terminology and legal conclusions, to which no response is required, but if a response is

20  required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of

21  the allegations in Paragraph 48, and therefore denies the same.

22          49.     The allegations in Paragraph 49 consist of Plaintiff's characterization of its

23  terminology and legal conclusions, to which no response is required, but if a response is

24  required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations in Paragraph 49, and therefore denies the same.

26

27

28

50.     The allegations in Paragraph 50 set forth legal conclusions, to which no response is required, but if a response is required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the same.

51.     Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the same.

52.     The allegations in Paragraph 52 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the same.

53.     The allegations in Paragraph 53 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that Novartis transferred to Questcor certain rights to Synacthen and Synacthen Depot in the United States.

54.     The allegations in Paragraph 54 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same in the form and manner alleged, but avers that Novartis transferred to Questcor certain rights to Synacthen and Synacthen Depot in the United States on June 11, 2013, and that Questcor did not file a Premerger Notification with the Department of Justice or the Federal Trade Commission under the Hart Scott Rodino Antitrust Improvements Act of 1976 because no such filing was required, and therefore Questcor was not required to observe the waiting period provided by the Hart Scott Act.

55.     The first sentence of Paragraph 55 sets forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  The second and third sentences of Paragraph 55 purport to quote an agreement between Novartis and Questcor; Questcor avers that the agreement is the best source of the information purportedly alleged and, to the extent the agreement differs from Plaintiff's allegations, Questcor denies the same.  The

11

fourth and fifth sentences of Paragraph 55 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

56.    The allegations in Paragraph 56 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

57.    The allegations in Paragraph 57 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

58.    The allegations in Paragraph 58 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

59.    The allegations in the first sentence of Paragraph 59 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  Questcor denies the allegations in the second sentence of Paragraph 59 in the form and manner alleged, but avers that Synacthen Depot has been manufactured and used to treat certain diseases, including infantile spasms and nephrotic syndrome, outside the United States.  The allegations in the third sentence of Paragraph 59 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.  The allegations in the fourth sentence of Paragraph 59 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

60.    The allegations in Paragraph 60 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

12

61.     The allegations in Paragraph 61 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

62.     The allegations in Paragraph 62 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

63.     The allegations in Paragraph 63 consist of Plaintiff's characterization of its terminology and set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

64.     Questcor repeats and incorporates by reference its responses to the unnumbered paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 63.

65.     The allegations in Paragraph 65 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

66.     The allegations in Paragraph 66 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

67.     The allegations in Paragraph 67 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

68.     The allegations in Paragraph 68 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

69.     Questcor repeats and incorporates by reference its responses to the unnumbered paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 68.

70.     The allegations in Paragraph 70 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

71.     The allegations in Paragraph 71 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

72.     The allegations in Paragraph 72 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

13

73.     Questcor repeats and incorporates by reference its responses to the unnumbered paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 72.

74.     The allegations in Paragraph 74 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

75.     The allegations in Paragraph 75 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

76.     The allegations in Paragraph 76 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

77.     The allegations in Paragraph 77 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

78.     The allegations in Paragraph 78 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

79.     The allegations in Paragraph 79 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

80.     Questcor repeats and incorporates by reference its responses to the unnumbered paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 79.

81.     The allegations in Paragraph 81 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

82.     The allegations in Paragraph 82 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

83.     The allegations in Paragraph 83 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

84.     The allegations in Paragraph 84 set forth legal conclusions, to which no response is required, but if a response is required, Questcor denies the same.

85.     Questcor repeats and incorporates by reference its responses to the unnumbered paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 84.

1       86.     The allegations in Paragraph 86 set forth legal conclusions, to which no response

2  is required, but if a response is required, Questcor denies the same.

3       87.     The allegations in Paragraph 87 set forth legal conclusions, to which no response

4  is required, but if a response is required, Questcor denies the same.

5       88.     The allegations in Paragraph 88 set forth legal conclusions, to which no response

6  is required, but if a response is required, Questcor denies the same.

7       89.     The allegations in Paragraph 89 set forth legal conclusions, to which no response

8  is required, but if a response is required, Questcor denies the same.

9       90.     The allegations in Paragraph 90 set forth legal conclusions, to which no response

10  is required, but if a response is required, Questcor denies the same.

11       91.     The allegations in Paragraph 91 set forth legal conclusions, to which no response

12  is required, but if a response is required, Questcor denies the same.

13       92.     Questcor repeats and incorporates by reference its responses to the unnumbered

14  paragraph appearing on Page 1 of the Complaint and to Paragraphs 1 through 91.

15       93.     The allegations in Paragraph 93 set forth legal conclusions, to which no response

16  is required, but if a response is required, Questcor denies the same.

17       94.     The allegations in Paragraph 94 set forth legal conclusions, to which no response

18  is required, but if a response is required, Questcor denies the same.

19       95.     The allegations in Paragraph 95 set forth legal conclusions, to which no response

20  is required, but if a response is required, Questcor denies the same.

21       96.     The allegations in Paragraph 96 set forth legal conclusions, to which no response

22  is required, but if a response is required, Questcor denies the same.

23       97.     The allegations in Paragraph 97 set forth legal conclusions, to which no response

24  is required, but if a response is required, Questcor denies the same.

25       98.     The allegations in Paragraph 98 set forth legal conclusions, to which no response

26  is required, but if a response is required, Questcor denies the same.

27

28

**Case No. 8:14-CV-00026 – JLS (JPR)**

**DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF RETROPHIN, INC.'S COMPLAINT**

**PRAYER FOR RELIEF**

Questcor denies that any of the requested relief, or any other form of relief to Plaintiff, is appropriate.

**JURY TRIAL DEMAND**

Questcor admits that Retrophin purports to seek a trial by jury; Questcor demands a right to a trial by jury on any issues so triable.

Questcor denies all allegations contained in the Complaint (or headings therein) not specifically admitted above and denies that Retrophin is entitled to any relief in this action.

**AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, the Defendant asserts the following separate and affirmative defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Lack of Antitrust Injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks antitrust injury required to bring this action.

**THIRD AFFIRMATIVE DEFENSE**
(Lack of Constitutional Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks constitutional standing required to bring this action.

**FOURTH AFFIRMATIVE DEFENSE**
(Lack of Antitrust Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks antitrust standing required to bring this action.

**FIFTH AFFIRMATIVE DEFENSE**
(Lack of Causation)

Plaintiff's claims are barred, in whole or in part, to the extent its alleged injury or damage resulted from other causes that were not the result of any act or omission attributable to the Defendant.

**SIXTH AFFIRMATIVE DEFENSE**
(Speculative Damages)

Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**
(Not a Cognizable Potential Competitor)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not (and Novartis is not) a potential competitor in any relevant market and, therefore, Plaintiff cannot show harm to competition.

**EIGHTH AFFIRMATIVE DEFENSE**
(Lack of Market or Monopoly Power)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has not demonstrated Defendant has sufficient market power or the prospect of obtaining monopoly power in any relevant market.

**NINTH AFFIRMATIVE DEFENSE**
(No Harm to Competition)

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to allege any cognizable harm to competition.

### TENTH AFFIRMATIVE DEFENSE
(Relevant Antitrust Markets)

Plaintiff's claims are barred, in whole or in part, to the extent the purported relevant markets alleged in the Complaint are not relevant antitrust markets, and the Plaintiff cannot carry its burden of defining a proper relevant market.

### ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Barriers to Entry)

Plaintiff's claims are barred, in whole or in part, because Defendant lacks market power in any relevant market because of the lack of significant barriers to entry.

### TWELFTH AFFIRMATIVE DEFENSE
(No Exclusion)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has admitted that it will enter the Relevant Markets regardless of Defendant's behavior.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Monopolization and Attempted Monopolization Claims Contradictory)

Plaintiff's claims for monopolization and attempted monopolization are barred, in whole or in part, to the extent they are contradictory.

### FOURTEENTH AFFIRMATIVE DEFENSE
(State Law Claims Barred)

Plaintiff's state law claims are barred, in whole or in part, for all the same reasons its federal claims are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Conduct Occurred Outside of State)

Plaintiff's claims are barred, in whole or in part, to the extent the Defendant's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in California.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Constitution Bars Application of State Law)

18

Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution and/or applicable state law to the extent its claims seek the improper extraterritorial application of the laws of California to any transactions occurring outside of California.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Predominantly Intrastate)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not allege conduct and/or effects that are wholly or predominantly intrastate within California.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Special Damages)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to plead special damages with specificity, as required by the laws of California.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Allege Predicate Acts)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to allege predicate acts necessary to invoke application of the consumer protection laws of California.

## TWENTIETH AFFIRMATIVE DEFENSE
### (State Law Inapplicable)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to allege conduct necessary to invoke California's Cartwright Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Illegal Activity)

Plaintiff's claims are barred, in whole or in part, because Defendant did not engage in any illegal activity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Conduct Justified)

Plaintiff's claims are barred, in whole or in part, to the extent the actions or practices of Defendant that are subject of the Complaint were undertaken for legitimate business reasons, were otherwise economically justified, and/or resulted from a good-faith effort to meet competition or market conditions.

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Conduct Permitted)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts or conduct specifically permitted by law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Good Faith)

Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendant acted in good faith.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, to the extent it failed to take all necessary and appropriate actions to mitigate its alleged damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Comparative Fault and *in pari delicto*)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is *in pari delicto* or is otherwise at fault for its alleged injuries or damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Inequitable Relief)

Plaintiff's prayer for relief is barred, in whole or in part, to the extent an award of any of the requested relief would be inequitable.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Restitution Improper)

Plaintiff's claim for restitution is barred, in whole or in part, because it is an improper disguised damages claim and because Plaintiff had no vested interest in any monies given to the Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Disgorgement Improper)

Plaintiff's claims for disgorgement are barred, in whole or in part, to the extent such a remedy is inappropriate relief for a private attorney general or is otherwise inequitable.

20

## THIRTIETH AFFIRMATIVE DEFENSE
(Duplicative Recovery)

Plaintiff's claims are barred, in whole or in part, to the extent any recovery by Plaintiff would be duplicative of recovery by other parties and other lawsuits, subjecting the Defendant to the possibility of multiple recoveries; such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff would be unjustly enriched if it were allowed to recover any part of the alleged damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
(Foreign Damages Unrecoverable)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages, if any, based on sales outside of the United States.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
(Injunctive Relief Unavailable)

Plaintiff's claims for injunctive relief are barred, in whole or in part, to the extent Plaintiff has available an adequate remedy at law and to the extent injunctive relief otherwise is inequitable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's claims are barred, in whole or in part, by waiver.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims are barred, in whole or in part, by laches.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

21

Plaintiff's claims are barred, in whole or in part, by estoppel.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim for injunctive relief, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm and insofar as any harm it may have suffered is not irreparable.

## THIRY-NINTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorneys' Fees)

Plaintiff's prayer for relief is barred, in whole or in part, to the extent an award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable law.

## FORTIETH AFFIRMATIVE DEFENSE
### (No Factual or Legal Basis for Attorneys' Fees)

Plaintiff's prayer for attorneys' fees should be stricken, in whole or in part, because there is no basis, factual, legal or otherwise, to support an award of attorneys' fees.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Remedies Unconstitutional and Contrary to Public Policy)

Plaintiff's claims are barred, in whole or in part, to the extent the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Claims Vague and Uncertain)

Plaintiff's claims should be barred, in whole or in part, for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible.  Defendant avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit the Defendant to ascertain what other defenses may exist.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Reservation of Other Defenses)

Case No. 8:14-CV-00026 – JLS (JPR)

**DEFENDANT QUESTCOR PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF RETROPHIN, INC.'S COMPLAINT**

1    Defendant hereby gives notice that it intends to rely upon such other and further defenses

2    as may become available or apparent during pre-trial proceedings in this case, and hereby

3    reserves its rights to amend this Answer and assert such defenses.

4                                    **JURY DEMAND**

5        Pursuant to the Seventh Amendment and Rule 38(b) of the Federal Rules of Civil

6    Procedure, Questcor demands a trial by jury of all issues so triable.

7        WHEREFORE, Questcor respectfully prays that this Court enter judgment:

8    (i) dismissing the Complaint by Retrophin in its entirety and awarding Retrophin no relief;

9
10   (ii) awarding Questcor its costs, disbursements, and attorneys' fees; and (iii) awarding Questcor

11   any such other relief as the Court deems just and appropriate.

12                         DEFENDANT QUESTCOR PHARMACEUTICALS,
                           INC.,
13
                           By its attorneys,
14
15                         By:    /s/ Mark S. Popofsky
                           _____

16                                Mark S. Popofsky (*Admitted Pro Hac Vice*)
                                  (CSB #175476)
17                                Frank Y. Qi (*Admitted Pro Hac Vice*)
                                  frank.qi@ropesgray.com
18                                David A. Young (*Admitted Pro Hac Vice*)
                                  ROPES & GRAY LLP
19                                One Metro Center
20                                700 12th Street NW, Suite 900
                                  Washington, D.C.  20005-3948
21                                Tel:  (202) 508-4600
                                  Fax:  (202) 508-4650
22
23                                Rocky C. Tsai (CSB #221452)
                                  rocky.tsai@ropesgray.com
24                                ROPES & GRAY LLP
                                  Three Embarcadero Center
25                                San Francisco, CA  94111-4006
                                  Tel: (415) 315-6300
26                                Fax: (415) 315-6350

27   Dated: September 19, 2014
28
                                         23

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 19, 2014, I caused a true and correct copy of the foregoing Defendant's Questcor Pharmaceuticals, Inc.'s Answer to Plaintiff Retrophin, Inc.'s Complaint to be served by Federal Express and electronic mail upon:

James J. Calder, Esq.
Mark T. Ciani, Esq.
Jonathan Rotenberg, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: 212-940-8800
Fax: 212-940-8776
james.calder@kattenlaw.com
mark.ciani@kattenlaw.com
jonathan.rotenberg@kattenlaw.com

Tami Kameda Sims, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East Suite 2600
Los Angeles, CA 90067-3012
Tel: 310-788-4685
Fax: 310-712-8261
tami.sims@kattenlaw.com

      /s/ David A. Young
David A. Young